## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **MANUEL MARCUS HOWARD,** | § | |
| **#50901-177,** | § | |
| **Movant,** | § | |
| | § | |
| **v.** | § | **CIVIL NO. 3:17-CV-1981-N-BK** |
| | § | **(Criminal No. 3:15-CR-501-N-2)** |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge for findings of fact and a recommended disposition. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, the motion should be summarily **DISMISSED WITH PREJUDICE** as meritless.

### I. BACKGROUND

Movant pleaded guilty to four counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951, and one count of discharging a firearm during one of those robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Crim. Doc. 69. The Court sentenced him to 190 months' imprisonment with three years of supervised release. Crim. Doc. 69. He did not appeal.

Movant challenges only his § 924(c) conviction. He first seeks to extend the reasoning of *Johnson v. United States*, 135 S. Ct. 2551 (2015) to challenge the residual clause of 18 U.S.C. § 924(c)(3)(B)'s definition of the phrase "crime of violence." Doc. 2 at 5. He next argues that Hobbs Act Robbery cannot qualify as a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s force clause. *See* Doc. 2 at 7 ("Under the categorical approach [Movant's] conviction for Hobbs Act

Robbery does not qualify as a crime of violence, not even under the force clause.").

## II. ANALYSIS

To warrant relief, Movant must succeed on both of his arguments, however, neither has merit.

Section 924(c) criminalizes the carrying, use, or discharge of a firearm during, or in furtherance of, any "crime of violence" or "drug trafficking crime." *See* 18 U.S.C. 924(c)(1)(A). 18 U.S.C. § 924(c)(3) defines the term "crime of violence" to mean:

[A]n offense that is a felony and—

(A)    has as an element the use, attempted use, or threated use of physical force against the person or property of another, or

(B)    that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Movant first argues that his § 924(c) conviction "must be dismissed under the Supreme Court['s] decision in *Johnson*." Doc. 2 at 5. In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the Armed Career Criminal Act," 18 U.S.C. § 924(e)(2)(B)(ii)—which clause defines a "violent felony" as one "involv[ing] conduct that presents a serious potential risk of physical injury to another"—"violates the Constitution's guarantee of due process." 135 S. Ct. at 2563.

But the Court of Appeals for the Fifth Circuit has rejected the argument that *Johnson* invalidates any part of Section 924(c)'s definition of "crime of violence." *See United States v. Jones*, 854 F.3d 737, 740 (5th Cir. 2017). In *Jones*, the Fifth Circuit held that "the definition of 'crime of violence' under § 924(c)(3)(B) is not unconstitutionally vague" after *Johnson*. *Id.* at 740. Thus, there is no merit to Movant's argument here that he is entitled to relief from his

Section 924(c) conviction in the wake of *Johnson*. *See United States v. Johnson*, 880 F.3d 226, 235 (5th Cir. 2018) (holding that *Jones* foreclosed the defendant's argument that Section 924(c)(3)(B)'s definition of "crime of violence" was void for vagueness after the Supreme Court's decision in *Johnson*). So, Movant's reliance on *Johnson* is misplaced.

Moreover, even if Movant could establish that § 924(c)(3)(B)'s residual clause is unconstitutionally vague,[1] he would still not be entitled to relief. That is because his Section 924(c) conviction is predicated upon a Hobbs Act robbery, which qualifies as a crime of violence under § 924(c)(3)(A)'s force clause, and not the residual clause found in § 924(c)(3)(B). *See Buck v. United States*, 847 F.3d 267, 274-75 (5th Cir. 2017) (agreeing with several other circuits that Hobbs Act Robbery is a crime of violence under § 924(c)(3)(A)); *see also Hobbs v. United States*, 3:16-CV-1139-O, 2017 WL 194291, at * 4 (N.D. Tex. Jan. 18, 2017) ("Indeed, the definition of a Hobbs Act robbery fits under Section 924(c)'s force clause, not its residual clause."). As such, there is no merit to Movant's challenges to his § 924(c) conviction.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28

---

[1] The Court is aware that the United States Supreme Court is now considering whether "*Johnson* applies to the residual clause, not the elements clause, of the 'crime of violence' definition in 18 U.S.C. § 16(b)." *Bryant v. United States*, CV 116-025, 2017 WL 1591884, at *2 (S.D. Ga. May 1, 2017); *see also Dimaya v. Lynch*, 803 F.3d 1110, 1120 (9th Cir. 2015) (holding that Section 16(b) of the Immigration and Nationality Act is unconstitutionally vague), *cert. granted*, 137 S. Ct. 31. Even if *Dimaya* strikes down § 16(b)'s residual clause, and even if that ruling cast doubt on the constitutionally of § 924(c)'s residual clause, that ruling would have no impact here. As detailed *supra*, Movant's § 924(c) conviction is predicated on a Hobbs Act Robbery, which nevertheless qualifies as a crime of violence under the force clause. *See, e.g.*, *Bonner v. United States*, No. 3:16-cv-2068-M, 2017 WL 4803904, at *2 (N.D. Tex. Sep. 27, 2017) (noting that even if *Dimaya* impacted the Fifth Circuit's conclusion that *Johnson* did not reach § 924(c), *Dimaya* would offer no relief from a § 924(c) conviction predicated on a Hobbs Act Robbery), *rec. adopted* 2017 WL 4778709 (N.D. Tex. Oct. 23, 2017).

U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**.[2]

**SIGNED** March 1, 2018.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").